UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT GREENEVILLE



FILED

JUN 0 9 2023

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

| | | |
|---|---|---|
| Agness Mccurry, Etha Jones | ) | |
| Plaintiffs | ) | |
| V. | ) | Case No. 2:23-CV-61 Corker/Wyrick |
| Eastman Credit Union | ) | Jury Trial Requested |
| Defendant | ) | |

PLAINTIFF AGNESS MCCURRY AND ETHA JONES COMPLAINT

AGAINST EASTMAN CREDIT UNION FOR:

1) CONSPIRACY AGAINST THEIR RIGHT TO DUE PROCESS UNDER

THE 14TH AMENDMENT 18 U.S. Code § 241

2) VIOLATIONS TO THE FAIR DEBT COLLECTION PRACTICES ACT

(FDCPA) AND 15 U.S. Code § 1692

3) DECEPTIVE BUSINESS PRACTICES

4) EMOTIONAL DISTRESS

**Agness Mccurry**

512 Swadley Rd H 64

Johnson City TN 37601.

1

**Etha Jones**

100 Civic Dr 108

Hercules CA 94547.

# I.   TABLE OF CONTENTS

I.   TABLE OF CONTENTS ................................................................................... 3

II.   APPENDIX OF EXHIBITS AND AUTHORITIES ..................................... 4

III.   BACKGROUND.......................................................................................... 5

IV.   PLAINTIFFS AGNESS MCCURRY AND ETHA JONES STATEMENT
OF CLAIMS AND FACTS SUPPORTING THE CLAIM ................................... 12

V.   BASIS FOR JURISDICTION ..................................................................... 26

VI.   RELIEF SOUGHT ..................................................................................... 26

VII.   CERTIFICATE OF SERVICE ................................................................ 27

Case 2:23-cv-00061-DCLC-CRW   Document 1   Filed 06/09/23   Page 3 of 28   PageID #: 3

# II. APPENDIX OF EXHIBITS AND AUTHORITIES

## State Code

Tenn. Code Ann. § 28–3–104 .................................................................................................. 12
Tenn. Code Ann. § 28-3-109 ................................................................................................... 12
Tenn. Code. Ann § 47-9-623 .............................................................................................. 20, 21

## Appendix of Exhibits

Exhibit A Notice of Trial Date for June 7th 2023 .................................................................. 5, 9
Exhibit B Loan Security Agreements and Disclosure Statement signed on July 9th 2021 ......... passim
Exhibit C Recorded Phone Calls with Eastman Credit Union on June 6th 2023 with Representatives
................................................................................................................................ passim
Exhibit D Transcripts of the Recorded Calls with Eastman Credit Union Representatives ..6, 7, 8, 13
Exhibit E Copy of Medical Report .......................................................................................... 6
Exhibit F May 30th 2023 Notice from Eastman Credit Union ......................................... 7, 8
Exhibit G Transcript of Chat with Eastman Credit Union Representative Chelsea ...................... 13
Exhibit H Copy of Phone Call with Rapture ......................................................................... 23
Exhibit I Transcript of Recorded Call with Rapture ............................................................. 23
Exhibit J Copy of Ms. Jones Boarding Passes and Departure................................................. 24
Exhibit K Receipt of Rental Car from Avis ................................................................... 12, 24
Exhibit L Call History Log of Asset Recovery from Eastman Credit Union...................................... 14

## Federal Code

15 U.S. Code § 1692.............................................................................................................. 6
18 U.S. Code § 241 ............................................................................................................... 5

## Constitutional Provisions

§ 806 of the FDCPA ............................................................................................................. 14
§ 808 of the FDCPA ............................................................................................................. 10
12 CFR § 1006.14 (A) .......................................................................................................... 19
Consumer Financial Protection Act (CFPA)........................................................................... 17
Fair Debt Collection Practices Act (FDCPA) ........................................................................... 6
Racketeer Influenced and Corrupt Organizations Act (RICO)................................................. 17

## Federal Cases

*Jerman v. Carlisle*, 559 U.S. 573, (2010).............................................................................. 11
*Rotkiske v. Klemm*, 140 S. Ct. 355, (2019)............................................................................ 23
*Sheriff v. Gillie*, 578 U.S. 317, (2016)................................................................................... 14

4

# III. <u>BACKGROUND</u>

Plaintiff's Agness Mccurry and Etha Jones submit this complaint against Eastman Credit Union for their Conspiracy to violate their 14th Amendment rights to Due Process 18 U.S. Code § 241[1]. Eastman Credit Union unlawfully repossessed Agness' vehicle a day before the scheduled trial for her lawsuit in Chancery Court: *Agness Mccurry v. Benjamin Mccurry et al* on June 7th 2023 at 10am in Washington County, Tennessee **Exhibit A Notice of Trial Date for June 7th 2023**. Ms. Jones came to Johnson City, Tennessee from California to testify as a witness on Agness' behalf in the lawsuit. Eastman Credit Union refused to give Agness "notice of repossession" required by the loan contract **Exhibit B Loan Security Agreements and Disclosure Statement signed on July 9th 2021 Page 3**.

Agness was behind on two car payments **only** and credit card debts due to events related to Benjamin Mccurry, his attorney Counsel Sandy Phillips and Senior Judge Thomas Wright on February 7th 2023. Agness was unlawfully

---

[1] If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

incarcerated while she gave her opening statement at trial for Benjamin's sole emergency custody petition. This lawsuit is pending at the Greeneville District Court Case No. 2:23-CV-29. Benjamin Mccurry and Agness Mccurry are both customers of Eastman Credit Union. Agness and Ms. Jones believe that Eastman Credit Union unlawfully repossessed Agness vehicle without proper notice to sabotage Agness lawsuit in Chancery Court. The conduct and character of Eastman Credit Union's representatives showed a strong conspiracy and bias towards Agness for no reason on June 6th 2023 See **Exhibit C Recorded Phone Calls with Eastman Credit Union on June 6th 2023 with Representatives and Exhibit D Transcripts of the Recorded Calls with Eastman Credit Union Representatives**.

Agness was subjected to serious bodily injuries from the excessive force of the Officers from the Washington County Sheriff's Department on February 7th 2023. This affected Agness' ability to work for two and a half weeks after she was released from jail and recovering on February 8th 2023 See **Exhibit E Copy of Medical Report.** Ms. Jones loaned Agness her credit card to pay some bills and has used it ever since.

Agness and Ms. Jones also submit this lawsuit against Eastman Credit Union for violations to the Fair Debt Collection Practices Act (FDCPA) and 15 U.S. Code § 1692 that Agness is entitled to. Specifically, Eastman Credit Union alleged that

6

Agness "*ignored previous requests for payment*" in their last notice dated May 30th 2023 See **Exhibit F May 30th 2023 Notice from Eastman Credit Union**. Agness never "ignored" Eastman's requests for payment. Agness communicated with Eastman on May 19th 2023 showing that she was making good faith efforts to bring her auto loan and credit card payments up to date See **Exhibit C Copy of May 19th 2023 Recorded Call and Transcript.**

Eastman refused to document this correspondence in Agness account. Eastman documented Agness correspondence of May 19th 2023 after they repossessed her vehicle and when she communicated on the phone with them on June 6th 2023. This was Agness' first time struggling to make payments for her vehicle and credit card payments. Agness maintained a good reputation with Eastman Credit Union since she became a member in 2019. Although Eastman stated in Agness auto loan contracts that they can "*delay*" enforcing any of their "*rights under the agreement any number of times without losing the ability to exercise their rights later*", they refused to offer Agness any relief without reason when she contacted them See **Exhibit B Page 3 No. 9**.

The representatives of Eastman Credit Union engaged in abusive and harassing behavior; they intentionally made it extremely difficult for Agness to reclaim her vehicle through any payment. Agness spoke with Mia who informed her that to reclaim her vehicle she needed to: 1) Pay all outstanding debt due on her vehicle

7

and credit card. 2) Pay all fees and bills incurred from the repossession. 3) Refinance her auto loan with a co-borrower See **Exhibit C and D at 0:05:19**. Mia said that this information was determined by "management." There was no need for Agness to refinance her auto loan when she was only behind by **two** payments and had a longer history making on-time payments with Eastman Credit union.

Furthermore, the Eastman representatives engaged in a pattern of blocking Agness from speaking with a supervisor when she requested one to discuss the issue of refinancing her vehicle loan. This caused Agness to "hang up" and make "repeated" phone calls to obtain this information. Porsche informed Agness that there were **four** managers in her department and declined to provide Agness the names of them See **Exhibit C and D at 0:01:09**. Agness hung up on her and called back to speak with another representative, who informed her that there was only **one** manager in the Asset Recovery Department of Eastman named Chelsie. The actions of Eastman's representatives violated § 806 of the FDCPA.

Eastman Credit Union violated § 807 of the FDCPA when they misrepresented Agness in their May 30th 2023 notice. Eastman stated that: "*It is apparent that you have ignored previous requests for payment... Failure to make immediate payment may result in additional action against you*" See **Exhibit F.** Agness never "ignored" Eastman's requests for payment. Her last communication was May 19th 2023 that was never documented in her account establishing her efforts to make

8

payment. Agness earned the money to pay her debts and was scheduled to make the payment on June 6th 2023 the day that Eastman repossessed her vehicle without proper notice. Eastman's language in their May 30th 2023 notice was "false", "deceptive" and a "misleading representation" of Agness. Their actions violated § 807 in connection with the collection of their debt that Agness owed.

Eastman also engaged in deceptive business practices when they failed to give Agness any relief prior to repossessing her vehicle. Eastman's actions violated § 808 of the FCDPA. Although Eastman called Agness multiple times every day, Agness failed to answer their phone calls because she was busy working. Agness uses her phone 100% because she works for Walmart to make deliveries. Agness made an effort to communicate with Eastman on May 19th 2023 but Eastman continued harassing her with phone calls the following day. Eastman stated that they will send all notices to Agness relating to her vehicle loan **Page 3 of Exhibit B**.

Eastman failed to provide Agness of their "notice" to "repossess" her vehicle. Eastman Credit Union strategically repossessed Agness' vehicle a day before her lawsuit in Chancery Court See **Exhibit A**. Benjamin Mccurry is a customer of Eastman Credit Union and Agness has a big lawsuit citing some of the Judges at the Washington County Courthouse with him. Agness and Ms. Jones believe that Eastman performed a "favor" for Benjamin and the Defendant Judges in Agness

9

Chancery and Federal Court lawsuits. Therefore, Eastman decided to violate Agness and Ms. Jones rights to Due Process by handicapping their ability to go to trial on June 7th 2023. Eastman Credit Union willingly breached the loan agreement with Agness for the best interests of Benjamin Mccurry and the Defendant judges from the Washington County Courthouse.

Mia also informed Agness of Eastman's deceptive business practices. Mia stated that Eastman could have repossessed Agness' vehicle when she was "*one day past due*" without any notice See **Exhibit C Phone Call with Mia at 0:03:04**. This contradicted Eastman's policy in Agness loan contracts that stated that Eastman "*can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later*" See **Exhibit B Page 3 No. 9.**

Agness learned on June 6th 2023 that Eastman Credit Union is a fraudulent bank that deceives customers to sign loan agreements which they do not intend to uphold. The loan agreement stated that Agness is supposed to receive all "notices" regarding her loan at her address on file **Page 3 of Exhibit B**. Mia informed Agness that if a customer is "**one day past due**" then Eastman Credit Union can breach the contract and repossess the vehicle immediately without notice. As Mia stated it is a "*case by case situation*"; This means that Eastman discriminates

against its customers. Eastman Credit Union deceives its customers and practices deceptive business practices that violate § 808 of the FDCPA.

The United States Supreme Court noted in *Jerman v. Carlisle*, 559 U.S. 573, 577 (2010) that: "Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers [like Agness]. 15 U.S.C. § 1692(e)... The Act is enforced through administrative action and private lawsuits. With some exceptions not relevant here, violations of the FDCPA are deemed to be unfair or deceptive acts or practices under the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 41 et seq., and are enforced by the Federal Trade Commission (FTC). See § 1692l."

In this case, Agness and Ms. Jones filed this civil lawsuit due to the various federal violations by Eastman Credit Union to the FDCPA and Federal Trade Commission Act (FTC) when they: 1) Breached Agness loan contract, and 2) Unlawfully repossessed her vehicle and 3) Subjected her to abuse and harassment by their representatives as she tried to reclaim her personal belongings and vehicle and 4) Caused Agness and Ms. Jones emotional distress and the additional expense of obtaining a rental car with funds that could have been used to settle the debts. This also caused Agness and Ms. Jones to miss an important court date scheduled

11

for June 7th 2023 in Chancery Court. The Court date was at 10:00am; Agness and Ms. Jones had an appointment at 9:30am to retrieve the rental car See **Exhibit K Reservation Confirmation Appointment at 9:30am and Receipt of Rental Car Transaction from Avis.**

## IV. <u>PLAINTIFFS AGNESS MCCURRY AND ETHA JONES STATEMENT OF CLAIMS AND FACTS SUPPORTING THE CLAIM</u>

Plaintiffs Agness Mccurry and Etha Jones are seeking damages from Eastman Credit Union for Eastman's conspiracy to violate Plaintiffs 14th Amendment rights to Due Process: by unlawfully repossessing Agness vehicle without proper notice a day before trial of Agness lawsuit in Chancery Court for *Agness Mccurry v. Benjamin Mccurry et al* 22-CV-0618. Eastmans actions caused Agness and Ms. Jones emotional distress due to the panic of locating a rental car and enduring the abuse of the Eastman Credit Union representatives on the phone. The statute of limitations for personal injury tort in Tennessee is one (1) year See Tenn. Code Ann. § 28–3–104. Likewise, the statute of limitations for breach of contract is six (6) years in Tennessee See Tenn. Code Ann. § 28-3-109. Therefore, Agness and Ms. Jones' lawsuit has been timely filed.

On June 6th 2023, Eastman Credit Union unlawfully repossessed Agness vehicle the "Ford Eco Sport 2020" at her residence without her knowledge or proper notice required in the loan agreement **Page 3 of Exhibit B**. Eastman breached the terms of Agness loan contracts when they repossessed her vehicle without proper notice. Eastman Credit Union agreed to send Agness all notices regarding her vehicle loan. Eastman stated: "*Notices will be sent to You at the most recent address You have given Us in writing. Notice to any one of You will be notice to all.*" The last "notice" Agness received was on May 30th 2023 that falsely stated that: "*It is apparent that you have ignored previous requests for payment... Failure to make immediate payment may result in additional action against you... Please call 1-800-999-2328 or 423-578-7452 to discuss this serious matter.*"

Agness never "*ignored previous requests for payment.*" Eastman zeroed all of Agness checking and saving accounts on May 19th 2023 to apply to her auto loan and credit card debts See **Exhibit G Transcript of Chat with Eastman Credit Union Representative Chelsea**. This was the same day that Agness contacted the Asset Recovery Department of Eastman Credit Union and spoke with C.J See **Exhibit C Phone Call with C.J on May 19th 2023 and Exhibit D Transcript of phone Call**. Agness read her loan agreement and realized that this action by Eastman is permissible after her phone call with C.J **Exhibit B Page 2 No. 4**.

13

C.J explained that Eastman was authorized to seize all of Agness finances according to the loan contracts. C.J failed to discuss any available remedies for Agness that Eastman Credit Union could provide such as a refinance of her auto loan when she was delinquent or offering to defer the late payments to the back of the loan **prior** to repossession. This phone call conversation was not noted by C.J in Agness account. Eastman decided to discuss relief options such as a refinance **after** they unlawfully repossessed Agness' vehicle. Eastman Credit Union called Agness the **same day** after she discussed a "promise to pay" with C.J at 1:19pm while she was working for Walmart See **Exhibit L Call History Log of Asset Recovery from Eastman Credit Union**. Agness **declined** this phone call because it was an "inconvenience" and she had already spoken with C.J.

Eastman violated § 805 Communication in connection with debt collection of the FDCPA: "*Without the **prior consent of the consumer** given directly to the **debt collector** [Eastman Credit Union] or the express permission of a court of competent jurisdiction, a debt collector **may not** communicate with a consumer in connection with the collection of any debt -- (1) **at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer**. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local*

14

*time at the consumer's location.*" They called Agness at an inconvenient time 10 minutes after she made contact with them regarding her defaults.

Eastman Credit Union violated 15 U.S. Code § 1692e: "*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt... (5) The threat to take any action that cannot legally be taken or that is not intended to be taken... (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer... The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*"

Eastman Credit Union: 1) Used a "false representation" that Agness "*ignored previous requests for payment*" when she contacted them on May 19th 2023 and 2) Used this "false representation" to embarrass Agness and accuse her of conduct she wasn't guilty of. Eastman also threatened to take "*additional action*" against Agness that "*cannot legally be taken or that is not intended to be taken*". Eastman's language in the May 30th 2023 notice violated § 806 of the FDCPA because it was accusatory, threatening and abusive to Agness. "*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*"

15

"§ 1692e bars debt collectors from deceiving or misleading consumers; it does not protect consumers from fearing the actual consequences of their debts" See *Sheriff v. Gillie*, 578 U.S. 317, 329 (2016). Agness was aware that she was in default of her loan agreement with Eastman Credit Union by two payments. Agness understood that this caused Eastman Credit Union to repossess her vehicle. Agness did not understand the abuse, harassment and retaliation that she experienced from the Eastman Credit Union Representatives **after** her vehicle was repossessed. The Eastman Credit Union representatives abused and harassed Agness on the phone as punishment for defaulting on her loan. This was not permitted in Agness loan agreement that she signed with Eastman Credit Union. The conduct of the Eastman Credit Union representatives cast a questionable shadow on the entire financial institution and its business practices with customers.

Eastman Credit Union called Agness the following day after repossessing her vehicle to harass her once again at 11:23am See **Exhibit L**. Agness' last call with Scott Barrett exposed the fact that Eastman wasn't going to make any efforts to return her personal belongings according to the loan agreement See **Exhibit C & D** and **Exhibit B Security Agreement No. 11**. Therefore, the 11:23am phone call was abuse and harassment as well as more evidence that Eastman intends to commit fraudulent misrepresentations about Agness for "*ignoring*" their calls. Eastman's actions violated §§ 805- 808 of the FDCPA.

16

When Agness contacted Eastman Credit Union, Mia informed Agness that Eastman Credit Union "left messages", "sent text messages" and "sent emails." Eastman Credit Union called Agness "everyday" while she worked at awkward hours of the day. This was the reason that Agness was unable to take their calls. Agness was working and communicating with customers regarding their Walmart Orders. Agness called on May 19th 2023 showing a "promise to pay" but this conversation was never documented by the Eastman representative C.J **Exhibit C Phone Call on May 19th 2023**. Agness' vehicle was unlawfully repossessed on fraudulent grounds that she "*ignored*" all of Eastman's attempts to contact her. This was false. Eastman refused to resolve Agness issue with the unlawful repossession based off the fraudulent misrepresentation. Supervisor Chelsie from Asset Recovery only "*apologized*" to Agness that C.J failed to notate this call in her account and stood on the decision to force Agness to refinance her auto loan as part of the requirements to reclaim her vehicle.

Chelsie stated: "*I wanted to let you know I did find the conversation that you referenced. So I'm sorry that wasn't listed in the notes that I could see. So you did make contact with our department and I did listen to the call on the day and the time that you provided. It was CJ that you spoke with. And what happened on the conversation from what I heard is that you called in, you were asking if it was true if we were actually allowed to take funds from your deposit account because you*

17

*missed your payment and he told you yes, that it was in your security agreement and you made the comment that you were trying to get your payment together to pay some time next week... And yes. And so then towards the end of the call you stated that also you would be considering refinancing the loan elsewhere because you thought it was ridiculous that we could offset your account."*

Agness felt that Eastman Credit Union retaliated and punished her when she spoke of her plans to refinance her vehicle loan with another bank after clearing up her payments. Eastman Credit Union failed to provide Agness with any relief to assist her to catch up on her payments. C.J never offered Agness the option to refinance when she spoke with him on May 19th 2023 or other remedies.

Agness worked for Bank of America as an Auto Loan and Mortgage Loan Customer Care Representative. Agness saw the various support that the bank gave to customers in a similar position as herself such as the option to refinance with a co-borrower or defer the late payments to the end of the loan that would accumulate interest prior to taking adverse action. Eastman stated in its contract that they "*can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later.*"

From Agness' experience, Eastman failed to offer her any relief that would justify their "*delay*" to "*enforce their rights.*" Eastman breached their loan

agreement because they stated something that they are capable of doing i.e. "*delay enforcing their rights of execution*" that they cannot fulfill in reality. This is a deceptive business practice that violates the Consumer Financial Protection Act (CFPA) and the Racketeer Influenced and Corrupt Organizations Act (RICO).

When Agness worked for Bank of America as an Auto Loan and Mortgage Customer Care representative, she was advised of the importance to inform customers that the banks calls were "*monitored and or recorded.*" Failure to do so would result in termination of employment. When Agness spoke with Mia inquiring into Eastman Credit Unions policies and process regarding repossession and mentioned that she was recording the call, Mia informed her that Eastman Credit Union did not "*approve*" of Agness "*recording the call*" **Exhibit C Phone Call with Mia at 0:04:02**.

Agness informed Mia that Tennessee is a "**one-party**" consent state with regards to recordings at **0:04:18**. Mia's reaction to Agness recording the entire call caused Agness emotional distress. It alerted Agness to the possibility of serious fraudulent activity at Eastman Credit Union. All the other representatives gave the call monitoring and recording disclosure to Agness after she hung up with Mia and called back; Only Chelsie and Scott Barrett failed to give the call monitoring and recording disclosure. Furthermore, Ms. Jones was present, and her voice was heard in some of the phone calls. Ms. Jones is from California which is a "**two-party**

19

**consent**" state for recordings. Eastman Credit Union recorded Ms. Jones' voice without her consent.

The actions of the Eastman Credit Union representatives in the Asset Recovery Department is extremely suspicious and alarming; They have access to customer information yet some of their calls are monitored and recorded while others like Agness are not. Agness was not treated with dignity or respect as seen from the phone calls which caused her additional emotional distress caused from the unlawful repossession of her vehicle.

When Agness requested to speak with a supervisor above Chelsie from the Asset Recovery Department—Scott Barret— she told Agness: "*If he [Mr. Scott Barrett] is able to call you back today and have this conversation with you, are you going to allow the conversation to happen without talking over him*?" **Exhibit C Phone Call with Chelsie After She locates the May 19th 2023 Phone Call at 0:05:15**. Chelsie's snarky comments overlooked the fact that Agness was a customer of Eastman Credit Union; Chelsie's actions were rude and unprofessional. Chelsie displayed a continuous pattern of rudeness and temper tantrums in her conversation with Agness which was extremely abusive as a customer for Eastman Credit Union.

When Agness spoke with Scott Barrett, he was extremely unhelpful and failed to address any of Agness complaints. When Agness worked for Bank of America, they prioritized the customers feedback about the banks services and products. Agness filed multiple complaints for customers in the Complaint Tracking and Resolution (CTR) system and provided the customer with a tracking number. Agness also advised the customer that a manager would reach out to them between 1 to 2 business days. If a manager failed to call back a customer, then a customer would call back. The issue would then escalate further to upper management with another CTR.

Scott only gave Agness the phone number for "Rapture"–the Company that repossessed Agness vehicle— to collect her personal belongings that Eastman was supposed to return to Agness according to the contract **Exhibit B Security Agreement No. 11**. Eastman Credit Union violated 12 CFR § 1006.14 (A): "*A debt collector must not engage in any conduct the natural consequence of which is to **harass**, **oppress**, or **abuse** any person* [Agness] *in **connection with the collection of a debt**.*"

Eastman failed to uphold Tennessee law and their loan contracts when they repossessed Agness vehicle without returning her belongings that were inside. Agness vehicle was located at her apartment complex. Eastman could have alerted her to remove her belongings at the time of repossession. Eastman stated in their

21

contract that: "*You agree that the Credit Union has the right to take possession of the Property given as security for the Loan/Advance without judicial process if this can be done without breach of the peace. If We ask, You promise to deliver the Property at a time and place We choose. If the Property is a motor vehicle or boat, You agree that We may obtain a key or other device necessary to unlock and operate it when You are in default. We will not be responsible for any other Property not covered by this Agreement that You leave inside the Property or that is attached to the Property. We will try to return that Property to You or make it available for You to claim.*"

Agness was forced to contact Eastman Credit Union to obtain the phone number for the company that repossessed her vehicle after it was already taken. Eastman Credit Union had no plans to make Agness' personal belongings returned to her as they agreed to in the contract. Agness was at home when her car was being repossessed. Eastman breached their contract when they failed to fulfill their obligations to return Agness' personal belongings; Eastman stated that "*they are not responsible for any personal property left in Agness' vehicle after repossession.*"

When Agness contacted "Rapture" on June 7th 2023—the company that repossessed her vehicle— they informed her that she needed to "surrender her car keys" in order to claim her personal belongings See **Exhibit H Copy of Phone**

22

**Call with Rapture and Exhibit I Transcript of Recorded Call with Rapture**.
Eastman Credit Union has given Rapture "**sole-decision**" making authority
regarding Agness personal belongings. This is a breach of the contract that they
signed with Agness.

Tennessee law permits Agness the right to reclaim her vehicle after
repossession in Tenn. Code. Ann § 47-9-623[2]. When Agness attempted to resolve
the repossession of her vehicle with Eastman Credit Union, they deliberately
blocked her efforts. Mia stated that management required Agness to: 1) Pay all
outstanding debt due on her vehicle and credit card. 2) Pay all fees and bills
incurred from the repossession. 3) Refinance her auto loan with a co-borrower.
Eastman Credit Union made this decision to cause an inconvenience to Agness.
The representatives refused to provide Agness with written documentation that
required a "refinance" as part of the conditions to reclaim her vehicle after
repossession.

---

[2] **(a) Persons that may redeem.** A debtor, any secondary obligor, or any other secured party or lienholder may
redeem collateral.
**(b) Requirements for redemption.** To redeem collateral, a person shall tender:
**(1)** fulfillment of all obligations secured by the collateral; and
**(2)** the reasonable expenses and attorney's fees described in § 47-9-615(a)(1).
**(c) When redemption may occur.** A redemption may occur at any time before a secured party:
**(1)** has collected collateral under § 47-9-607;
**(2)** has disposed of collateral or entered into a contract for its disposition under § 47-9-610; or
**(3)** has accepted collateral in full or partial satisfaction of the obligation it secures under § 47-9-622.

T.C.A § 47-9-623 stated that Agness was eligible to redeem her vehicle after repossession. *"A debtor, any secondary obligor, or any other secured party or lienholder may redeem collateral."* Furthermore, "To redeem collateral, a person **shall** tender: **(1)** fulfillment of all obligations secured by the collateral; and **(2)** the reasonable expenses and attorney's fees described in § 47-9-615(a)(1)." Agness was ready to pay the past due amounts for her credit card and auto loan debts and repossession fees according to Tennessee law. Agness was not expected to "refinance" her auto loan because it was not stated anywhere in her contract. This decision was made by the "management" of Eastman Credit Union without reason. Eastman never offered Agness the option to refinance her vehicle loan **prior** to its repossession. Eastman was adamant on repossessing Agness vehicle and breaching the loan agreement.

Ms. Jones planned her trip to Johnson City, Tennessee to testify at Agness' trial scheduled for June 7th 2023 at 10am in Chancery Court **Exhibit J Copy of Ms. Jones Boarding Passes and Departure**. Ms. Jones plans were sabotaged by Eastman Credit Union when they repossessed Agness vehicle unlawfully without proper notice. Agness and Ms. Jones went to obtain a rental car at the last minute and were unable to attend trial **Exhibit K Receipt of Rental Car from Avis and Appointment Confirmation for 9:30am**.

24

Ms. Jones seeks damages from Eastman Credit Union for her flight expenses, inconvenience of missing Agness Court Date and Emotional Distress. Ms. Jones loaned Agness her credit card to pay the fees of the rental car. Agness used the funds to obtain a rental car which she could have used to bring her debts back to good standing.

Although Eastman Credit Unions boasts about its motto "ECU beside YOU" for their customers, Agness' experience was ECU beside her to violate her rights and the loan agreement. Eastman Credit Union subjected Agness to so much trauma and abuse being a victim of domestic violence from Benjamin Mccurry—who is also a customer of ECU. Agness is a recipient of the Violence Against Women Act (VAWA). Agness felt that Benjamin Mccurry influenced the actions taken on Agness account. ECU is an abusive financial institution from Agness' experience.

Date: 6/9/23

Respectfully Submitted,

**Agness Mccurry Pro Se**
512 Swadley Rd H 64
Johnson City TN 37601.

**Etha Jones, Pro Se**

100 Civic Dr 108

Hercules CA 94547.

# V.   **BASIS FOR JURISDICTION**

This federal lawsuit against Eastman Credit Union arises from the violations

of Due Process guaranteed under the 14th Amendment, the Fair Debt Collection

Practices Act (FDCPA) and 15 U.S. Code § 1692. Therefore, under 28 U.S.C §

1331, a case arising under the United States Constitution or federal laws or treaties

is a federal question case. Plaintiffs Agness Mccurry and Etha Jones lawsuit is a

federal question case. "The Fair Debt Collection Practices Act (FDCPA) authorizes

private civil actions against debt collectors who engage in certain prohibited

practices. 91 Stat. 881, 15 U.S.C. § 1692k(a). An action under the FDCPA may be

brought "within one year from the date on which the violation occurs." §

1692k(d)." See *Rotkiske v. Klemm*, 140 S. Ct. 355, (2019).

# VI.  **RELIEF SOUGHT**

Plaintiff's Agness Mccurry and Etha Jones seek relief from this Court that after

reviewing their lawsuit and receiving a response from the Defendant that:

1.  That a Court hearing be set to address the allegations raised against Eastman

Credit Union in this complaint.

2. That Compensatory, Special and Punitive damages be determined at trial. Agness incurred damages of $692.85 to obtain a rental car which was money loaned to her by Ms. Jones. Agness and Ms. Jones also suffered emotional distress from missing their scheduled Court Date on June 7th 2023. Ms. Jones plane ticket cost $368.

3. That attorney fees be awarded to both Plaintiff's while court costs and other fees be taxed to the Defendant.

4. Any other relief that this Court seems fit.

Date: 6/9/23                                          Respectfully Submitted

**Agness Mccurry Pro Se**                   **Etha Jones, Pro Se**
512 Swadley Rd H 64                           100 Civic Dr 108
Johnson City TN 37601                         Hercules CA 94547


# VII. <u>CERTIFICATE OF SERVICE</u>

Plaintiff's Agness Mccurry and Etha Jones hereby certify that a true and exact copy of this lawsuit was served upon the following persons:

**Eastman Credit Union**
P.O Box 1989 Kingsport TN
37662.

27

By depositing the same in the US mail this Friday 9th June 2023.

**Agness Mccurry Pro Se**
512 Swadley Rd H 64
Johnson City TN 37601

**Etha Jones, Pro Se**
100 Civic Dr 108
Hercules CA 94547.